JEFFREY E. FAUCETTE (No. 193066)
SKAGGS FAUCETTE LLP
One Embarcadero Center, Suite 500
San Francisco, California 94111
Telephone: (415) 315-1669
Facsimile:  (415) 433-5994
E-mail: jeff@skaggsfaucette.com

Attorneys for Plaintiff APERIO GROUP, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APERIO GROUP, LLC, a California limited liability company,<br><br>         Plaintiff,<br><br>v.<br><br>POINT72, L.P., a Delaware limited partnership,<br><br>         Defendant. | Case No.: 18-cv-2466<br><br>**COMPLAINT FOR UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff APERIO GROUP, LLC ("Aperio") by and for its complaint against Defendant Point72, L.P. ("Point72") alleges as follows:

## NATURE OF THE CASE

1. This is an action for unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. section 1125(a).

## THE PARTIES

2. Plaintiff Aperio is a limited liability company organized under the laws of the state of California with its address at.

3. On information and belief, Defendant Point72 is a limited partnership organized under the laws of the state of Delaware with its principal place of business at 72 Cummings Point Road, Stamford, Connecticut. Point72 also has an office in this judicial district at 228 Hamilton Avenue, Palo Alto, California.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. section 1121 and 28 U.S.C. sections 1331 and 1338. Venue is proper within this district under the provisions of 28 U.S.C. sections 1391, because Point72 has an office within this District and Aperio's principal place of business is located within this District, and a substantial part of Point72's conduct giving rise to the claim occurred within this District.

5. Personal jurisdiction over Point72 is proper in this district because it has a physical presence in this District, has committed infringing acts in this District, and has purposefully availed itself of the opportunity to conduct business in this District.

## INTRA-DISTRICT ASSIGNMENT

6. This action is an intellectual property action within the meaning of Local Rule 3-2(c) and therefore is not subject to intra-district venue provisions.

## APERIO'S TRADEMARK RIGHTS

7. Aperio is an investment adviser registered with the Securities and Exchange Commission. Aperio was founded in July 1999. For the past 19 years, Aperio has offered its



COMPLAINT FOR UNFAIR COMPETITION:                                    CASE NO. 18-cv-2466

2

clients comprehensive investment management and investment research services through a disciplined yet flexible approach to indexing.  Aperio designs and manages portfolios that reflect a client's preferred risk profile and values while controlling tax costs and fees.  Aperio currently has assets under management of over $25 billion.

8.   Since its founding in 1999 and its first client account in 2000, Aperio has used continuously and exclusively in interstate commerce the mark APERIO as a service mark in connection with its investment management and investment research services.

9.   Aperio has promoted its use of APERIO mark on its website at www.aperiogroup.com.  Aperio also regularly participates in trade conferences nationwide to promote its APERIO mark and to associate the mark with the investment management and investment research services Aperio provides.  One example of such conferences is the IMPACT conference, a major vendor show presented annually by Charles Schwab.

10.   Aperio also regularly prepares and publishes peer-reviewed academic articles to highlight the APERIO mark as one associated with rigor and cutting edge thinking in after-tax investing, factor strategies, and "Socially Responsible" investing.

11.   As a result of these efforts and other efforts not listed here, the APERIO mark has come to be uniquely associated with Aperio in the investment management and investment research industry.

12.   At present, Aperio manages approximately 4,500 individual accounts for over 350 different firms or individuals from throughout the United States who know the brand well and associate the APERIO mark exclusively with Aperio.

POINT72'S INFRINGING ACTIVITIES

13.   On information and belief, SAC Capital Advisors was a group of hedge funds founded by Steven A. Cohen.  In 2010, the Securities and Exchange Commission opened an insider trading investigation of SAC; in 2013, several former employees of SAC were indicted by the U.S. Department of Justice; and in November 2013, SAC pleaded guilty to insider trading charges and paid $1.2 billion in penalties (in addition to $616 million previously paid to the SEC).

14. On information and belief, Point72 was founded in 2014 as the successor to SAC Capital Advisors. Initially, Point72 managed the assets of its founder Cohen, but now it appears that Point72 offers investment services to third parties as well.

15. On its website at www.point72.com, Point72 appears to list five aspects to its operations: Point72, EverPoint, Cubist Systematic Strategies, Point72 Ventures, and Cohen Private Ventures. At various times, Point72 has also appeared to offer services under the mark POINT72 APERIO. For example, press reports indicate that a Point72 spokesman said at one time that Point72 would use or had used the mark APERIO in connection with a quantitative investing project. Point72's website has also at times offered job listings for jobs with titles using the term "Aperio."

16. On December 30, 2016, Point72 filed an intent-to-use application (serial number 87/285,815) with the U.S. Trademark and Patent Office to register the trademark POINT72 APERIO for the following goods and services: "[f]inancial asset management, private equity fund investment, financial research and analysis services; financing services." This application was published for opposition on December 12, 2017, and a Notice of Allowance was issued on February 6, 2018. On information and belief and as of the filing date of this document, Point72 has not filed a Statement of Use or Extension Request with the USPTO.

17. Point72's uses of the APERIO mark have already caused confusion with Aperio. For example, in early 2018, information was distributed regarding a special applied math seminar at Stanford University offered by Dr. David Loaiza under the title "Inventing the Future of Finance, Alternative Data and Aperio." The seminar abstract stated that Dr. Loaiza "is a Managing Director and Chief Data Scientist for Aperio" and that "[h]e is responsible for Point72's big data research team." The information distributed about this seminar led to confusion regarding Dr. Loaiza's affiliation with Aperio and regarding a connection or affiliation between Aperio and Point72 despite the fact that no such affiliation or connection exist.

18. Additionally, a Bloomberg article and television report in March 2018 described "Aperio" in connection with Cohen's new firm Point72. These reports led to confusion among

Aperio's customers regarding their mistaken belief that there was a connection between Aperio and Point72.

19. Point72's actions have caused and/or are likely to cause confusion, mistake, or deception among Aperio's customers and/or potential customers as to the source, origin or sponsor of the services offered by Point72 in connection with the APERIO mark, and Point72's actions are likely to create the false belief that there is an affiliation or connection between Aperio and Point72. As a result, Point72's actions are causing, and unless enjoined, will continue to cause irreparable and substantial injury to the goodwill that Aperio has developed in its APERIO mark.

## FIRST CLAIM FOR RELIEF

(Unfair Competition and False Designation of Origin)

(15 U.S.C. § 1125(a))

20. The allegations of paragraphs 1 through 19 are incorporated herein by reference.

21. Aperio has offered its investment management and investment research services under the APERIO mark exclusively and continuously in interstate commerce since 1999, long prior to any use of the APERIO mark by Point72.

22. Point72 has used the APERIO mark in connection with its investment management and investment research services.   As a result, Point72's use of the APERIO mark is likely to deceive and cause confusion to consumers of investment management and investment research services and to cause them to believe that Point72 and/or its services are in some manner related to, approved by or sponsored by Aperio; alternatively, Point72's use of the APERIO mark is likely to deceive and cause confusion among consumers of investment management and investment research services and to induce them to believe that Aperio's services are in some manner related to, approved by or sponsored by Point72. Point72 has intentionally engaged in conduct that constitutes a false designation of origin, a false or misleading description of fact, and a false or misleading representation of fact tending wrongfully and falsely to describe or represent a connection or affiliation between Apero's services and Point72's services in violation of 15 U.S.C. section 1125(a). Aperio believes that customers have been and are likely to be confused by

Point72's use of such false designations of origin, and false descriptions or representations regarding Aperio's services and/or Point72's services.

23. By committing the acts alleged herein, Point72 has intentionally, knowingly and willfully infringed the APERIO mark, and Point72 continues to do so.

24. Because of Point72's infringement and false designation of origin, Aperio has been irreparably harmed. Aperio will continue to suffer irreparable harm unless Point72 is preliminarily and permanently restrained from false designations using the APERIO mark.

25. Aperio is entitled to recover all profits heretofore realized by Point72 during its infringement of the APERIO mark, as well as Aperio's costs in this action pursuant to 15 U.S.C. section 1117(a).

26. Point72's actions have been willful, malicious and fraudulent with knowledge of the likelihood of confusion and deception and with intent to confuse and deceive, as alleged above. Therefore, Aperio is entitled to recover three times the amount of Point72's profits plus Aperio's reasonable attorneys' fees pursuant to 15 U.S.C. section 1117(b).

## PRAYER FOR RELIEF

WHEREFORE, Aperio prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

1. That Point72 be adjudged to have competed unfairly with Aperio by its infringing use of the APERIO mark, in violation of 15 U.S.C. section 1125(a);

2. That, pursuant to 15 U.S.C. section 1116, Point72 and its partners, affiliates, officers, agents, owners, employees, confederates, attorneys and any persons in active concert or participation with them be temporarily, preliminarily and permanently enjoined and restrained from:

   a) Using the APERIO mark, or any other confusingly similar mark including, without limitation, POINT72 APERIO, and/or any reproduction, copy or colorable imitation of said mark, in connection with investment management and/or investment research services;



      b)     Using the APERIO mark or any other confusingly similar mark including, without limitation, POINT72 APERIO, and/or any other mark including any reproduction, copy or colorable imitation of said mark in connection with the offering of investment management or investment research services in any manner likely to cause others to believe that any of Point72's services are associated or connected with Aperio and/or Aperio's services;

      c)     Committing any other acts calculated to cause actual or potential purchasers to be confused regarding the source or sponsor of Point72's and/or Aperio's services;

      d)     Committing any other act that competes unfairly with Aperio; and

      e)     Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs a through d;

3.     That Point72 be ordered to file with the Court and serve on Aperio a report in writing under oath setting forth in detail the manner and form in which Point72 has complied with the injunctive relief described above;

4.     That Point72 be required to pay to Aperio such damages Aperio has sustained as a consequence of its unfair competition and to account for all gains, profits and advantages derived by Point72 from its use of the APERIO mark pursuant to 15 U.S.C. section 1117(a);

5.     For an award of Aperio's reasonable attorneys' fees pursuant to 15 U.S.C. section 1117(a);

6.     For an award of costs; and

7.     For all other relief the Court deems just and proper.

Dated: April 25, 2018          SKAGGS FAUCETTE LLP

                              By:   /s/
                                    Jeffrey E. Faucette
                           Attorneys for Plaintiff APERIO GROUP, LLC



<u>JURY TRIAL DEMANDED</u>

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury of all issues properly triable of right by a jury.

Dated: April 25, 2018         SKAGGS FAUCETTE LLP

                              By:         */s/*
                                    Jeffrey E. Faucette
                              Attorneys for Plaintiff APERIO GROUP, LLC